# GUARANTY
(Specific Debt - Unlimited)

**DATE AND PARTIES.** The date of this Guaranty is August 23, 2017. The parties and their addresses are:

**LENDER:**
FIRST HOME BANK, A FLORIDA BANKING CORPORATION
700 CENTRAL AVE
ST PETERSBURG, FL 33701
Telephone: (727) 394-2265

**BORROWER:**
JEQ & CO. LLC
a Virginia Limited Liability Company
2404 Arctic Avenue Suite 2
Virginia Beach, VA 23451

**GUARANTOR:**
JACOB EDWARD QUEERN
4269 Buckeye Ct. 2
Virginia Beach, VA 23451

---

**CONFESSION OF JUDGMENT.** I appoint and authorize _____, attorneys in fact, to appear in the office of _____, Virginia, to confess judgment against me, in favor of Lender, if I default on this agreement. The confession of judgment may be without process and for any amount of **PRINCIPAL** and **INTEREST** due on this Guaranty including collection costs and reasonable attorneys' fees. This is in addition to other remedies.

**For the purposes of this notice, "you" means the Guarantor. IMPORTANT NOTICE: THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

---

1. **DEFINITIONS.** As used in this Guaranty, the terms have the following meanings:

    A. **Pronouns.** The pronouns "I", "me" and "my" refer to all persons or entities signing this Guaranty, individually and together. "You" and "your" refer to the Lender.

    B. **Note.** "Note" refers to the document that evidences the Borrower's indebtedness, and any extensions, renewals, modifications and substitutions of the Note.

    C. **Property.** "Property" means any property, real, personal or intangible, that secures performance of the obligations of the Note, Debt, or this Guaranty.

    D. **Loan.** "Loan" refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction.

    E. **Loan Documents.** "Loan Documents" refer to all the documents executed as a part of or in connection with the Loan.

2. **SPECIFIC DEBT GUARANTY.** For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and to induce you, at your option, to make loans or engage in any other transactions with the Borrower from time to time, I absolutely and unconditionally agree to all terms of and guaranty to you the payment and performance of the following described Debt(s) of the Borrower including without limitation, all principal, accrued interest, attorneys' fees and collection costs, when allowed by law, that may become due from the Borrower to you in collecting and enforcing the Debt and all other agreements with respect to the Borrower.

A promissory note or other agreement, No. 9681915010, dated August 23, 2017, from JEQ & Co. LLC (Borrower) to you, in the amount of $350,000.00.

You may, without notice, apply this Guaranty to such Debt of the Borrower as you may select from time to time.

3. **EXTENSIONS.** I consent to all renewals, extensions, modifications and substitutions of the Debt which may be made by you upon such terms and conditions as you may see fit from time to time without further notice to me and without limitation as to the number of renewals, extensions, modifications or substitutions.

4. **UNCONDITIONAL LIABILITY.** I am unconditionally liable under this Guaranty, regardless of whether or not you pursue any of your remedies against the Borrower, against any other maker, surety, guarantor or endorser of the Debt or against any Property. You may sue me alone, or anyone else who is obligated on this Guaranty, or any number of us together, to collect the Debt. My liability is not conditioned on the signing of this Guaranty by any other person and further is not subject to any condition not expressly set forth in this Guaranty or any instrument executed in connection with the Debt. My obligation to pay according to the terms of this Guaranty shall not be affected by the illegality, invalidity or unenforceability of any notes or agreements evidencing the Debt, the violation of any applicable usury laws, forgery, or any other circumstances which make the indebtedness unenforceable against the Borrower. I will remain obligated to pay on this Guaranty even if any other person who is obligated to pay the Debt, including the Borrower, has such obligation discharged in bankruptcy, foreclosure, or otherwise discharged by law.

5. **BANKRUPTCY.** If a bankruptcy petition should at any time be filed by or against the Borrower, the maturity of the Debt, so far as my liability is concerned, shall be accelerated and the Debt shall be immediately payable by me. I acknowledge and agree that this Guaranty, and the Debt secured hereby, will remain in full force and effect at all times, notwithstanding any action or undertakings by, or against, you or against any Property, in connection with any obligation in any proceeding in the United States Bankruptcy Courts. Such action or undertaking includes, without limitation, valuation of Property, election of remedies or imposition of secured or unsecured claim status upon claims by you, pursuant to the United States Bankruptcy Code, as amended. In the event that any payment

of principal or interest received and paid by any other guarantor, borrower, surety, endorser or co-maker is deemed, by final order of a court of competent jurisdiction, to have been a voidable preference under the bankruptcy or insolvency laws of the United States or otherwise, then my obligation will remain as an obligation to you and will not be considered as having been extinguished.

**6. REVOCATION.** I agree that this is an absolute and unconditional Guaranty. This Guaranty cannot be revoked and will remain in effect until the Debt is paid in full.

**7. LIMITATIONS ON CROSS-COLLATERALIZATION.** The cross-collateralization clause on any existing or future loan, but not including this Loan, is void and ineffective as to this Loan, including any extension or refinancing.

The Loan is not secured by a previously executed security instrument if a non-possessory, non-purchase money security interest is created in "household goods" in connection with a "consumer loan," as those terms are defined by federal law governing unfair and deceptive credit practices. The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Real Estate Settlement Procedures Act, (Regulation X), that are required for loans secured by the Property or if, as a result, the other debt would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act, (Regulation Z), that are required for loans secured by the Property.

**8. PROPERTY.** I agree that any Property may be assigned, exchanged, released in whole or in part or substituted without notice to me and without defeating, discharging or diminishing my liability. My obligation is absolute and your failure to perfect any security interest or any act or omission by you which impairs the Property will not relieve me or my liability under this Guaranty. You are under no duty to preserve or protect any Property until you are in actual or constructive possession. For purposes of this paragraph, you will only be in "actual" possession when you have physical, immediate and exclusive control over the Property and have accepted such control in writing. Further, you will only be deemed to be in "constructive" possession when you have both the power and intent to exercise control over the Property.

**9. DEFAULT.** I will be in default if any of the following events (known separately and collectively as an Event of Default) occur:

    **A. Payments.** I fail to make a payment in full when due.

    **B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me, Borrower, or any co-signer, endorser, surety or guarantor of this Guaranty or any Debt.

    **C. Death or Incompetency.** I die or am declared legally incompetent.

    **D. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Guaranty.

    **E. Other Documents.** A default occurs under the terms of any other document relating to the Debt.

    **F. Other Agreements.** I am in default on any other debt or agreement I have with you.

    **G. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

    **H. Judgment.** I fail to satisfy or appeal any judgment against me.

    **I. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

    **J. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

    **K. Property Transfer.** I transfer all or a substantial part of my money or property.

    **L. Property Value.** You determine in good faith that the value of the Property has declined or is impaired.

    **M. Insecurity.** You determine in good faith that a material adverse change has occurred in my financial condition from the conditions set forth in my most recent financial statement before the date of this Guaranty or that the prospect for payment or performance of the Debt is impaired for any reason.

**10. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

    **A. Additional Waivers.** In addition, to the extent permitted by law, I consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to the Debt or this Guaranty.

        (1) You may renew or extend payments on the Debt, regardless of the number of such renewals or extensions.

        (2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

        (3) You may release, substitute or impair any Property.

        (4) You, or any institution participating in the Debt, may invoke your right of set-off.

        (5) You may enter into any sales, repurchases or participations of the Debt to any person in any amounts and I waive notice of such sales, repurchases or participations.

        (6) I agree that the Borrower is authorized to modify the terms of the Debt or any instrument securing, guarantying or relating to the Debt.

        (7) You may undertake a valuation of any Property in connection with any proceedings under the United States Bankruptcy Code concerning the Borrower or me, regardless of any such valuation, or actual amounts received by you arising from the sale of such Property.

        (8) I agree to consent to any waiver granted the Borrower, and agree that any delay or lack of diligence in the enforcement of the Debt, or any failure to file a claim or otherwise protect any of the Debt, in no way affects or impairs my liability.

        (9) I agree to waive reliance on any anti-deficiency statutes, through subrogation or otherwise, and such statutes in no way affect or impair my liability. In addition, until the obligations of the Borrower to Lender have been paid in full, I waive any right of subrogation, contribution, reimbursement, indemnification, exoneration, and any other right I may have to enforce any remedy which you now have or in the future may have against the Borrower or another guarantor or as to any Property.

        Any Guarantor who is an "insider," as contemplated by the United States Bankruptcy Code, 11 U.S.C. 101, as amended, makes these waivers permanently. (An insider includes, among others, a director, officer, partner, or other person in control of the Borrower, a person or an entity that is a co-partner with the Borrower, an entity in which the Borrower is a general partner, director, officer or other person in control or a close relative of any of these other persons.) Any Guarantor who is not an insider makes these waivers until all Debt is fully repaid.

    **B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in the Debt instruments, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

C. **Waiver of Claims.** I waive all claims for loss or damage caused by your acts or omissions where you acted reasonably and in good faith.

11. **REMEDIES.** After the Borrower or I default, you may at your option do any one or more of the following.

   A. **Acceleration.** You may make all or any part of the amount owing by the terms of this Guaranty immediately due.

   B. **Sources.** You may use any and all remedies you have under state or federal law or in any documents relating to the Debt.

   C. **Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on default.

   D. **Payments Made on the Borrower's Behalf.** Amounts advanced on the Borrower's behalf will be immediately due and may be added to the balance owing under the Debt.

   E. **Attachment.** You may attach or garnish my wages or earnings.

   F. **Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Guaranty against any right I have to receive money from you.

   My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Guaranty" means the total amount to which you are entitled to demand payment under the terms of this Guaranty at the time you set-off.

   Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay the Debt, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

   Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

   You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

   G. **Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

12. **COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Guaranty or any other document relating to the Debt. To the extent permitted by law, expenses include, but are not limited to, reasonable attorneys' fees, court costs and other legal expenses. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

13. **WARRANTIES AND REPRESENTATIONS.** I have the right and authority to enter into this Guaranty. The execution and delivery of this Guaranty will not violate any agreement governing me or to which I am a party.

   In addition, I represent and warrant that this Guaranty was entered into at the request of the Borrower, and that I am satisfied regarding the Borrower's financial condition and existing indebtedness, authority to borrow and the use and intended use of all Debt proceeds. I further represent and warrant that I have not relied on any representations or omissions from you or any information provided by you respecting the Borrower, the Borrower's financial condition and existing indebtedness, the Borrower's authority to borrow or the Borrower's use and intended use of all Debt proceeds.

14. **RELIANCE.** I acknowledge that you are relying on this Guaranty in extending credit to the Borrower, and I have signed this Guaranty to induce you to extend such credit. I represent and warrant to you that I have a direct and substantial economic interest in the Borrower and expect to derive substantial benefits from any loans and financial accommodations resulting in the creation of indebtedness guarantied hereby.

15. **APPLICABLE LAW.** This Guaranty is governed by the laws of Virginia, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Florida, unless otherwise required by law.

16. **AMENDMENT, INTEGRATION AND SEVERABILITY.** This Guaranty may not be amended or modified by oral agreement. No amendment or modification of this Guaranty is effective unless made in writing and executed by you and me. This Guaranty and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Guaranty is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable.

17. **ASSIGNMENT.** If you assign any of the Debts, you may assign all or any part of this Guaranty without notice to me or my consent, and this Guaranty will inure to the benefit of your assignee to the extent of such assignment. You will continue to have the unimpaired right to enforce this Guaranty as to any of the Debts that are not assigned. This Guaranty shall inure to the benefit of and be enforceable by you and your successors and assigns and any other person to whom you may grant an interest in the Debts and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

18. **INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Guaranty.

19. **NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Guarantor will be deemed to be notice to all Guarantors. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Guaranty and to confirm your lien status on any Property. Time is of the essence.

20. **CREDIT INFORMATION.** I agree that from time to time you may obtain credit information about me from others, including other lenders and credit reporting agencies, and report to others (such as a credit reporting agency) your credit experience with me. I agree that you will not be liable for any claim arising from the use of information provided to you by others or for providing such information to others.

21. **ADDITIONAL TERMS.** SBA PROVISIONS - When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claims of SBA, or preempt federal law.

22. **SIGNATURES.** By signing under seal, I agree to the terms contained in this Guaranty. I also acknowledge receipt of a copy of this Guaranty.

**GUARANTOR:**

_____ Date_____ (Seal)
Jacob Edward Queern

**ACKNOWLEDGMENT (REQUIRED FOR CONFESSION OF JUDGMENT):**
(Individual)
COMMONWEALTH OF _____, COUNTY (OR CITY) OF _____ ss.
This instrument was acknowledged before me this _____ day of _____, _____ by Jacob Edward Queern , an unmarried individual.
My commission expires:
_____
(Notary Public)

| LOAN NUMBER | LOAN NAME | ACCT. NUMBER | NOTE DATE | INITIALS |
|---|---|---|---|---|
| 9681915010 | JEQ & Co. LLC | | 08/23/17 | SMB |
| **NOTE AMOUNT** | **INDEX (w/Margin)** | **RATE** | **MATURITY DATE** | **LOAN PURPOSE** |
| $350,000.00 | Wall Street Journal Prime plus 2.750% | 7.000% | 08/23/27 | Commercial |
| | | Creditor Use Only | | |

# PROMISSORY NOTE
(Commercial - Single Advance)

**DATE AND PARTIES.** The date of this Promissory Note (Note) is August 23, 2017. The parties and their addresses are:

**LENDER:**
FIRST HOME BANK, A FLORIDA BANKING CORPORATION
700 CENTRAL AVE
ST PETERSBURG, FL 33701
Telephone: (727) 394-2265

**BORROWER:**
JEQ & CO. LLC
a Virginia Limited Liability Company
2404 Arctic Avenue Suite 2
Virginia Beach, VA 23451

**CONFESSION OF JUDGMENT.** I appoint and authorize _____, attorneys in fact, to appear in the office of _____, Virginia, to confess judgment against me, in favor of Lender, if I default on this agreement. The confession of judgment may be without process and for any amount of PRINCIPAL and INTEREST due on this Note including collection costs and reasonable attorneys' fees. This is in addition to other remedies. A substitute attorney-in-fact may be appointed by Lender.

**For the purposes of this notice, "you" means the Borrower. IMPORTANT NOTICE: THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

1. **DEFINITIONS.** As used in this Note, the terms have the following meanings:

   A. **Pronouns.** The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Note. "You" and "Your" refer to the Lender, any participants or syndicators, successors and assigns, or any person or company that acquires an interest in the Loan.

   B. **Note.** Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.

   C. **Loan.** Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.

   D. **Loan Documents.** Loan Documents refer to all the documents executed as a part of or in connection with the Loan.

   E. **Property.** Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.

   F. **Percent.** Rates and rate change limitations are expressed as annualized percentages.

   G. **Dollar Amounts.** All dollar amounts will be payable in lawful money of the United States of America.

2. **PROMISE TO PAY.** For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, the principal sum of $350,000.00 (Principal) plus interest from August 23, 2017 on the unpaid Principal balance until this Note matures or this obligation is accelerated.

3. **INTEREST.** Interest will accrue on the unpaid Principal balance of this Note at the rate of **7.000 percent (Interest Rate)** until October 1, 2017, after which time it may change as described in the Variable Rate subsection.

   A. **Interest After Default.** If you declare a default under the terms of the Loan, including for failure to pay in full at maturity, you may increase the Interest Rate otherwise payable as described in this section. In such event, interest will accrue on the unpaid Principal balance of this Note at the Interest Rate in effect from time to time under the terms of the Loan, until paid in full.

   B. **Maximum Interest Amount.** Any amount assessed or collected as interest under the terms of this Note will be limited to the maximum lawful amount of interest allowed by applicable law. Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me.

   C. **Accrual.** Interest accrues using an Actual/365 days counting method.

   D. **Variable Rate.** The Interest Rate may change during the term of this transaction.

   (1) **Index.** Beginning with the first Change Date, the Interest Rate will be based on the following index: the base rate on corporate loans posted by at least 70% of the 10 largest U.S. banks known as the Wall Street Journal U.S. Prime Rate.

The Current Index is the most recent index figure available on each Change Date. You do not guaranty by selecting this Index, or the margin, that the Interest Rate on this Note will be the same rate you charge on any other loans or class of loans you make to me or other borrowers. If this Index is no longer available, you will substitute a similar index. You will give me notice of your choice.

(2) Change Date. Each date on which the Interest Rate may change is called a Change Date. The Interest Rate may change October 1, 2017 and every calendar quarter thereafter.

(3) Calculation Of Change. On each Change Date you will calculate the Interest Rate, which will be the Current Index plus 2.750 percent. Subject to any limitations, this will be the Interest Rate until the next Change Date. The new Interest Rate will become effective on each Change Date. The Interest Rate and other charges on this Note will never exceed the highest rate or charge allowed by law for this Note.

(4) Effect Of Variable Rate. A change in the Interest Rate will have the following effect on the payments: The amount of scheduled payments will change.

**4. REMEDIAL CHARGES.** In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment. Additional remedial charges may be described elsewhere in this Note.

**A. Late Charge.** If a payment is more than 10 days late, I will be charged **5.000** percent of the Unpaid Portion of Payment. I will pay this late charge promptly but only once for each late payment.

**B. Returned Check Charge.** I agree to pay a fee not to exceed $25.00 for each check, negotiable order of withdrawal or draft I issue in connection with the Loan that is returned because it has been dishonored.

**5. PAYMENT.** I agree to pay this Note in **120** payments. A payment of **$4,074.27** will be due October 5, 2017, and on the 5th day of each month thereafter. I will make 3 scheduled payments of this amount. The scheduled payment amount may then change every 3 payments thereafter. Changes in the Interest Rate will not affect the scheduled payment amount during these periods. With each scheduled payment change the payment amount will be adjusted to reflect changes in the Interest Rate during the remaining term of this Note. In addition, changes to the scheduled payment amounts are subject to changes in the Interest Rate as described in the Variable Rate subsection of this Note. A final payment of the entire unpaid balance of Principal and interest will be due August 23, 2027.

Payments will be rounded down to the nearest $.01. With the final payment I also agree to pay any additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

Each payment I make on this Note will be applied first to interest that is due, then to principal that is due, and finally to any charges that I owe other than principal and interest. If you and I agree to a different application of payments, we will describe our agreement on this Note. You may change how payments are applied in your sole discretion without notice to me. The actual amount of my final payment will depend on my payment record.

**6. PREPAYMENT.** I may prepay this Loan under the following terms and conditions. Borrower may prepay 20 percent or less of the unpaid principal balance at any time without notice. If Borrower prepays more than 20 percent and the Loan has been sold on the secondary market, Borrower must:   (a) Give Lender written notice; (b) Pay all accrued interest; and (c) If the prepayment is received less than 21 days from the date Lender received the notice, pay an amount equal to 21 days interest from the date lender received the notice, less any interest accrued during the 21 days and paid under b. of this paragraph. If Borrower does not prepay within 30 days from the date Lender received the notice, Borrower must give Lender a new notice..

**7. LOAN PURPOSE.** The purpose of this Loan is FOR DEBT REFINANCE AND WORKING CAPITAL.

**8. ADDITIONAL TERMS.** SBA PROVISIONS - When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claims of SBA, or preempt federal law.

**9. SECURITY.** The Loan is secured by separate security instruments prepared together with this Note as follows:

| Document Name | Parties to Document |
| --- | --- |
| Security Agreement - JEQ & Co. LLC | JEQ & Co. LLC |

**10. LIMITATIONS ON CROSS-COLLATERALIZATION.** The cross-collateralization clause on any existing or future loan, but not including this Loan, is void and ineffective as to this Loan, including any extension or refinancing.

The Loan is not secured by a previously executed security instrument if a non-possessory, non-purchase money security interest is created in "household goods" in connection with a "consumer loan," as those terms are defined by federal law governing unfair and deceptive credit practices. The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Real Estate Settlement Procedures Act, (Regulation X), that are required for loans secured by the Property or if, as a result, the other debt would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

The Loan is not secured by a previously executed security instrument if you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act, (Regulation Z), that are required for loans secured by the Property.

**11. DEFAULT.** I will be in default if any of the following events (known separately and collectively as an Event of Default) occur:

**A. Payments.** I fail to make a payment in full when due.

**B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me or any co-signer, endorser, surety or guarantor of this Note or any other obligations I have with you.

**C. Business Termination.** I merge, dissolve, reorganize, end my business or existence, or a partner or majority owner dies or is declared legally incompetent.

**D. New Organizations.** Without your written consent, I organize, merge into, or consolidate with an entity; acquire all or substantially all of the assets of another; materially change the legal structure, management, ownership or financial condition; or effect or enter into a domestication, conversion or interest exchange.

**E. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Note.

**F. Other Documents.** A default occurs under the terms of any other Loan Document.

**G. Other Agreements.** I am in default on any other debt or agreement I have with you.

**H. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

**I. Judgment.** I fail to satisfy or appeal any judgment against me.

**J. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

**K. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

**L. Property Transfer.** I transfer all or a substantial part of my money or property.

**M. Property Value.** You determine in good faith that the value of the Property has declined or is impaired.

**N. Material Change.** Without first notifying you, there is a material change in my business, including ownership, management, and financial conditions.

**O. Insecurity.** You determine in good faith that a material adverse change has occurred in my financial condition from the conditions set forth in my most recent financial statement before the date of this Note or that the prospect for payment or performance of the Loan is impaired for any reason.

**12. DUE ON SALE OR ENCUMBRANCE.** You may, at your option, declare the entire balance of this Note to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law, as applicable.

**13. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

**A. Additional Waivers By Borrower.** In addition, I, and any party to this Note and Loan, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Note.

(1) You may renew or extend payments on this Note, regardless of the number of such renewals or extensions.

(2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

(3) You may release, substitute or impair any Property securing this Note.

(4) You, or any institution participating in this Note, may invoke your right of set-off.

(5) You may enter into any sales, repurchases or participations of this Note to any person in any amounts and I waive notice of such sales, repurchases or participations.

(6) I agree that any of us signing this Note as a Borrower is authorized to modify the terms of this Note or any instrument securing, guarantying or relating to this Note.

(7) I agree that you may inform any party who guarantees this Loan of any Loan accommodations, renewals, extensions, modifications, substitutions or future advances.

**B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in this Note, or any other Loan Document, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**14. REMEDIES.** After I default, you may at your option do any one or more of the following.

**A. Acceleration.** You may make all or any part of the amount owing by the terms of this Note immediately due.

**B. Sources.** You may use any and all remedies you have under state or federal law or in any Loan Document.

**C. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

**D. Payments Made On My Behalf.** Amounts advanced on my behalf will be immediately due and may be added to the balance owing under the terms of this Note, and accrue interest at the highest post-maturity interest rate.

**E. Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Note against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Note" means the total amount to which you are entitled to demand payment under the terms of this Note at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay this Note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

**F. Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**15. COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Note or any other Loan Document. Expenses include (unless prohibited by law) reasonable attorneys' fees, court costs, and other legal expenses. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the highest interest rate in effect as provided for in the terms of this Note. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

**16. COMMISSIONS.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**17. WARRANTIES AND REPRESENTATIONS.** I make to you the following warranties and representations which will continue as long as this Note is in effect:

**A. Power.** I am duly organized, and validly existing and in good standing in all jurisdictions in which I operate. I have the power and authority to enter into this transaction and to carry on my business or activity as it is now being conducted and, as applicable, am qualified to do so in each jurisdiction in which I operate.

**B. Authority.** The execution, delivery and performance of this Note and the obligation evidenced by this Note are within my powers, have been duly authorized, have received all necessary governmental approval, will not violate any provision of law, or order of court or governmental agency, and will not violate any agreement to which I am a party or to which I am or any of my Property is subject.

**C. Name and Place of Business.** Other than previously disclosed in writing to you I have not changed my name or principal place of business within the last 10 years and have not used any other trade or fictitious name. Without your prior written consent, I do not and will not use any other name and will preserve my existing name, trade names and franchises.

18. **INSURANCE.** I agree to obtain the insurance described in this Loan Agreement.

    **A. Property Insurance.** I will insure or retain insurance coverage on the Property and abide by the insurance requirements of any security instrument securing the Loan.

    My choice of insurance provider will not affect the credit decision or interest rate.

    **B. Insurance Warranties.** I agree to purchase any insurance coverages that are required, in the amounts you require, as described in this or any other documents I sign for the Loan. I will provide you with continuing proof of coverage. I will buy or provide insurance from a firm licensed to do business in the State where the Property is located. If I buy or provide the insurance from someone other than you, the firm will be reasonably acceptable to you. I will have the insurance company name you as loss payee on any insurance policy. You will apply the insurance proceeds toward what I owe you on the outstanding balance. I agree that if the insurance proceeds do not cover the amounts I still owe you, I will pay the difference. I will keep the insurance until all debts secured by this agreement are paid. If I want to buy the insurance from you, I have signed a separate statement agreeing to this purchase.

19. **APPLICABLE LAW.** This Note is governed by the laws of Virginia, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Florida, unless otherwise required by law.

20. **JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** My obligation to pay the Loan is independent of the obligation of any other person who has also agreed to pay it. You may sue me alone, or anyone else who is obligated on the Loan, or any number of us together, to collect the Loan. Extending the Loan or new obligations under the Loan, will not affect my duty under the Loan and I will still be obligated to pay the Loan. This Note shall inure to the benefit of and be enforceable by you and your successors and assigns and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

21. **AMENDMENT, INTEGRATION AND SEVERABILITY.** This Note may not be amended or modified by oral agreement. No amendment or modification of this Note is effective unless made in writing and executed by you and me. This Note and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable. No present or future agreement securing any other debt I owe you will secure the payment of this Loan if, with respect to this loan, you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act (Regulation Z) or the Real Estate Settlement Procedures Act (Regulation X) that are required for loans secured by the Property or if, as a result, this Loan would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

22. **INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Note.

23. **NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Borrower will be deemed to be notice to all Borrowers. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property. Time is of the essence.

24. **CREDIT INFORMATION.** I agree to supply you with whatever information you reasonably request. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

25. **ERRORS AND OMISSIONS.** I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you of any and all loan closing documents so that all documents accurately describe the loan between you and me. I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

26. **SIGNATURES.** By signing under seal, I agree to the terms contained in this Note. I also acknowledge receipt of a copy of this Note.

**BORROWER:**

    JEQ & Co. LLC

    By_____ Date_____ (Seal)
    Jacob Edward Queern, Managing Member

**ACKNOWLEDGMENT (REQUIRED FOR CONFESSION OF JUDGMENT):**
COMMONWEALTH OF _____, COUNTY (OR CITY) OF _____ ss.
This instrument was acknowledged before me this _____ day of _____, _____ by Jacob Edward Queern - Managing Member of JEQ & Co. LLC a Limited Liability Company on behalf of the Limited Liability Company.
My commission expires:

_____
(Notary Public)

Index Number: 655600/2020  Filed: 10/23/2020

**SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK**

AMERICAN EXPRESS NATIONAL BANK

                             Plaintiff,

- against -

JEQ & CO. LLC

                             Defendants,

INDEX No. 655600/2020

## REDACTION COVER PAGE

**CHECK ALL THAT APPLY:**

| | |
|---|---|
| X | The document filed contains no confidential personal information, as defined in 22 NYCRR 202.5(e). |
| | The document filed is REDACTED in accordance with 22 NYCRR 202.5(e). |
| | The document filed is UN-REDACTED in accordance with 22 NYCRR 202.5(e). |
| | a) The document filed contains SSN (as authorized by the order specified below). |
| | b) The document filed contains confidential personal information as defined under 22 NYCRR 202.5(e) (as authorized by the order specified below). |
| | This document was previously filed REDACTED. Date: |
| | This document was previously filed UN-REDACTED. Date: |
| | The document filed seeks a remedy under 22 NYCRR 202.5(e)(2). |
| | The document filed seeks a remedy under 22 NYCRR 202.5(e)(3). |
| | Additional information: |

There is a previously filed order of the Court regarding this document:   yes / no

| | |
|---|---|
| | Date of order: |
| | Date order filed: |
| | Other identifying information for such order: |

The order of the Court is being filed with the redacted / un-redacted document:   yes / no

| | |
|---|---|
| | Date of order: |
| | Other identifying information for such order: |

Signature of filer: _____

Print Name: _____

Counsel appearing for: _____  (name of party)

Filer is Unrepresented / Pro se:   Yes / no

Date: _____

ver.617

PVCaseID: 5931097

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

AMERICAN EXPRESS NATIONAL BANK,   Index No. _____

                Plaintiff,

      - against -   **SUMMONS**

JEQ & CO. LLC; and JACOB QUEERN,   Plaintiff's address:
                   115 W. Towne Ridge Parkway
                Defendant(s).   Sandy, UT 84070

-----------------------------------------------------------------X

To:    JEQ & Co. LLC
        c/o Jacob Queern
        2404 Arctic Ave, #2
        Virginia Beach, VA 23451

        Jacob Queern
        2404 Arctic Avenue, Apartment 2
        Virginia Beach, VA 23451

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer on the attorneys for Plaintiff within twenty (20) days after the service of the Summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein. The basis of venue is the governing agreement.

Date: ___10/23/20___   _____

                ☐ Carl E. Zapffe, Esq.
                ☐ Tiffany L. Maldonado, Esq.
                ☒ Brandon G. Stanislaus, Esq.
                ZWICKER & ASSOCIATES, P.C.
                A Law Firm Engaged in Debt Collection
                1551 South Washington Avenue, Suite 404
                Piscataway Township, NJ 08854
                855-427-7433 (Phone)
                LitigationZAPC@zwickerpc.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

AMERICAN EXPRESS NATIONAL BANK,

                    Plaintiff,                  Index No. _____

      - against -

                                            **COMPLAINT**

JEQ & CO. LLC; and JACOB QUEERN,

                    Defendant(s).

-------------------------------------------------------------X

Plaintiff, by and through its attorneys, Zwicker & Associates P.C., complaining of Defendant(s), respectfully alleges upon information and belief.

## STATEMENT OF FACTS

1. Plaintiff is a National Bank located in Utah.

2. JEQ & Co. LLC is a business entity.

3. Jacob Queern is a natural person residing at 2404 Arctic Avenue, Apartment 2, Virginia Beach, VA 23451.

4. Defendant(s) applied for enrollment in Plaintiff's Working Capital Terms program. Plaintiff's Working Capital Terms program offers enrollees the opportunity to apply for short-term commercial loans ("Loan(s)") to be paid directly to eligible vendors of the Business.

5. Plaintiff provided to Defendant(s) a copy of the Working Capital Terms Program and Loan Agreement ("Agreement") that would govern such an account and each Loan and Defendant(s) acknowledged acceptance of the Agreement via electronic signature.

6. Plaintiff accepted Defendant(s)' application, and provided Defendant(s) a Working Capital Terms account, with an account number ending in 1006 (the "Account"), which in turn granted Defendant(s) the right to apply for Loan(s) under said account number.

7. Defendant(s) subsequently applied for Loan(s) pursuant to the Agreement.

8. By completing the application process and confirming Loan details, Defendant(s) agreed to be bound by the terms and conditions contained in the Agreement.

9. Plaintiff approved Defendant(s)' application(s) for Loan(s), and disbursed funds in accordance with the Agreement and direction of Defendant(s).

10. As of the filing of the instant complaint, Defendant(s)' Account remains due and owing in the total amount of $78,700.26.

11. Jurisdiction and venue are established pursuant to the Agreement which provides that venue for any litigation may be an appropriate federal or state court located in the State of New York.

## FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

12. Plaintiff repeats and realleges each and every allegation contained above as if such allegations are set forth herein.

13. Defendant(s) agreed to be governed by the terms and covenants contained in the Agreement when Defendant(s) applied for enrollment in Plaintiff's Working Capital Terms program and subsequently completed each Loan application process, confirming each Loan's details.

14. The Agreement required Defendant(s) to timely pay Plaintiff for the disbursed funds plus interest and fees as applicable per the Agreement.

15. Defendant(s) have committed a material breach of the Agreement by failing to timely pay Plaintiff as agreed.

**WHEREFORE,** Plaintiff demands judgment against Defendant(s) for the sum of $78,700.26, plus the costs and disbursements of this action, and for such other and further relief as the Court deems just and proper.

### FOR AN ALTERNATIVE SECOND CAUSE OF ACTION
### ACCOUNT STATED

16. Plaintiff repeats and realleges each and every allegation contained above as if such allegations are set forth herein.

17. Plaintiff made available to Defendants, pursuant to the terms of the Agreement, an online accounting which continuously showed the debits and credits that had been applied to Defendant(s)'s balance since the Loan(s) were disbursed.

18. Plaintiff's records do not reflect that Defendant(s) ever asserted a valid unresolved objection to the balance owed on the Loan(s).

19. Defendant(s)' lack of any valid unresolved objection to the balance created an account stated between Plaintiff and Defendant(s).

(REMAINDER OF PAGE INTENTIONALLY BLANK)

**WHEREFORE**, Plaintiff demands judgment against Defendant(s) for the sum of $78,700.26, plus the costs and disbursements of this action, and for such other and further relief as the Court deems just and proper.

Date: 10/23/20

☐ Carl E. Zapffe, Esq.
☐ Tiffany L. Maldonado, Esq.
☒ Brandon G. Stanislaus, Esq.
ZWICKER & ASSOCIATES, P.C.
A Law Firm Engaged in Debt Collection
1551 South Washington Avenue, Suite 404
Piscataway Township, NJ 08854
855-427-7433 (Phone)
LitigationZAPC@zwickerpc.com

New York Office (per Judiciary Law § 470):
100 Corporate Woods, Suite 230
Rochester, NY 14623

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

AMERICAN EXPRESS NATIONAL BANK,

      Plaintiff,

   - against -          Index Number: 655600/2020

JEQ & CO. LLC; and JACOB QUEERN,

      Defendant(s).

------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
## (MANDATORY CASE)
## PURSUANT TO (22 NYCRR) § 202.5-bb

**You have received this Notice because:**

 (1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

 (2) You are a Defendant/Respondent (a party) in this case.

**If you are represented by an attorney:**

- Give this Notice to your attorney. (<u>Attorneys</u>: See "Information for Attorneys" below.)

**If you are not represented by an attorney:**

- You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

- <u>If</u> you choose to participate in e-filing, then you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

- **The benefits of participating in e-filing** include:

- serving and filing your documents electronically;

- free access to view and print your e-filed documents;

- limiting your number of trips to the courthouse; and

- paying any court fees on-line (credit card needed).

• **To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented; or

- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov.

• To find legal information to help you represent yourself visit www.nycourthelp.gov.

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

(1) Immediately record his or her representation within the e-filed matter on the NYSCEF site (www.nycourts.gov/efile); or

(2) File the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [(22 NYCRR) § 202.5-bb (e).]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: Middlesex, New Jersey
October 23, 2020

/s/ Carl E. Zapffe
Carl E. Zapffe, Esq.
ZWICKER & ASSOCIATES, P.C.
A Law Firm Engaged in Debt Collection
1551 South Washington Avenue, Suite 404
Piscataway Township, NJ 08854
855-427-7433 (Phone)
LitigationZAPC@zwickerpc.com