1) RE CASE 3:21-cv-00411-DJN DE 1 MOTION PURSUANT TO Fed. R. Civ. P. 59(e); 60(b)(3), (d)(1)(3)
2) MOTION FOR ENTRY OF DEFAULT JUDGMENT FED R. CIV. P. 55(a) 3) 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF 4) MOTION FOR LEAVE TO PROVIDE DOCUMENTS THROUGH SECURE MICROSOFT OneDrive 5) MOTION FOR EXPEDITED CONSIDERATION PURSUANT TO 28 U.S.C. § 1657

## 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF

1) RE CASE 3:21-cv-00411-DJN DE 1 MOTION PURSUANT TO Fed. R. Civ. P. 59(e); 60(b)(3), (d)(1)(3)
2) MOTION FOR ENTRY OF DEFAULT JUDGMENT FED R. CIV. P. 55(a) 3) 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF 4) MOTION FOR LEAVE TO PROVIDE DOCUMENTS THROUGH SECURE MICROSOFT OneDrive 5) MOTION FOR EXPEDITED CONSIDERATION PURSUANT TO 28 U.S.C. § 1657

*Case No.* 3:21-cv-00411-DJN

United States District Court (USDC)

For the

Eastern District of Virginia (EDVA),

Richmond Division



FILED JUL - 6 2021 CLERK, U.S. DISTRICT COURT RICHMOND, VA

    Jacob Queern[112][113],    )
"Federalist, No. 51." (1787); Et al.  )
The creditors of Jacob Queern[114]  )
*Plaintiff(s)*
("PLAINTIFF" OR "PETITIONER")
    -V-
The United States;             )
Officers of the United States Government)
Acting in their individual Capacity under)
Color of Law; Et al.          )
*Defendant(s)*
("DEFENDANT" OR "DEFENDANTS")

PETITIONER demands a jury trial for all issues so triable to include but not limited to 41 U.S.C. § 4712(c)(2)

## 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF

Page 40

---

[112] "Crime Victim(s)". See 18 U.S.C. § 3771(e)(2)(A)

[113] "An employee of a contractor," 41 U.S.C. § 4712(a)(1)

[114] See, for a partial accounting, attached, AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) at p. 5 – 24.


1) RE CASE 3:21-cv-00411-DJN DE 1 MOTION PURSUANT TO Fed. R. Civ. P. 59(e); 60(b)(3), (d)(1)(3) 2) MOTION FOR ENTRY OF DEFAULT JUDGMENT FED R. CIV. P. 55(a) 3) 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF 4) MOTION FOR LEAVE TO PROVIDE DOCUMENTS THROUGH SECURE MICROSOFT OneDrive 5) MOTION FOR EXPEDITED CONSIDERATION PURSUANT TO 28 U.S.C. § 1657

## Fed. R. Civ. P. 8(a)(1)

The PETITIONER is "a person directly and proximately harmed as a result of the commission of a Federal offense" 18 U.S.C. § 3771(e)(2)(A) having occurred, in part, in the USDC-EDVA. 18 U.S.C. § 3771 "[s]ubsection (d)(3) explains that the CVRA's enumerated rights "shall be asserted in the district court in which a defendant is being prosecuted for the crime or, *if no prosecution is underway*, in the district court in the district in which the crime occurred." (Emphasis added). If the CVRA's rights may be enforced before a prosecution is underway, then, **to avoid a strained reading of the statute** (emphasis added), those rights must attach before a complaint or indictment formally charges the defendant with the crime."[115]

---

[115] *Does v. United States*, 817 F. Supp. 2d 1337, 1342 (S.D. Fla. 2011)

1) RE CASE 3:21-cv-00411-DJN DE 1 MOTION PURSUANT TO Fed. R. Civ. P. 59(e); 60(b)(3), (d)(1)(3) 2) MOTION FOR ENTRY OF DEFAULT JUDGMENT FED R. CIV. P. 55(a) 3) 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF 4) MOTION FOR LEAVE TO PROVIDE DOCUMENTS THROUGH SECURE MICROSOFT OneDrive 5) MOTION FOR EXPEDITED CONSIDERATION PURSUANT TO 28 U.S.C. § 1657

## Fed. R. Civ. P. 8(a)(2) Statement of undisputed facts. Fed. R. Civ. P. 56

There is no genuine dispute as to any of the following material facts and the PETITIONER is entitled to judgment as a matter of law.

1) Crimes against the PETITIONER include but are not limited to
   a) 18 U.S.C. § 371, 241
   b) 18 U.S.C. § 371, 1001(a)(c)
   c) 18 U.S.C. § 371, 1505
   d) 18 U.S.C. § 371, 1512
   e) 18 U.S.C. § 371, 1516
2) The PETITIONER continues to suffer criminal acts by persons conspiring to "injure, oppress, threaten, or intimidate [the PETITIONER] in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, (specifically) because of his having so exercised the same; " 18 U.S.C. § 241
3) "The trial judge also has the experience "to identify a prima facie case of purposeful discrimination.""[116]
4) The PETITIONER has provided direct "evidence of invidious intent (to) include proof of disproportionate impact."[117]
5) The PETITIONER "has carried his burden of persuasion (to include) direct evidence of intent..""[118]
6) No prosecution is underway against the perpetrators of crimes against the PETITIONER.
7) The PETITIONER has asserted his crime victims' rights in the USDC-EDVA (Norfolk) and the USDC-EDNC (East-West) in the district courts in the districts in which the crimes occurred. Neither the USDC-EDVA (Norfolk) or the USDC-EDNC (East-West) have addressed the PETITIONER's assertions despite the court's "obligat(ation) to construe

---

[116] *U.S. v. Grandison*, 885 F.2d 143, 146 (4th Cir. 1989)

[117] *Batson v. Kentucky*, 476 U.S. 79, 93 (1986) citing *Washington v. Davis*, 426 U.S., at 242.

[118] *Batson v. Kentucky*, 476 U.S. 79, 93 (1986) citing *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 266 (1977)

1) RE CASE 3:21-cv-00411-DJN DE 1 MOTION PURSUANT TO Fed. R. Civ. P. 59(e); 60(b)(3), (d)(1)(3)
2) MOTION FOR ENTRY OF DEFAULT JUDGMENT FED R. CIV. P. 55(a) 3) 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF 4) MOTION FOR LEAVE TO PROVIDE DOCUMENTS THROUGH SECURE MICROSOFT OneDrive 5) MOTION FOR EXPEDITED CONSIDERATION PURSUANT TO 28 U.S.C. § 1657

(claims made by pro se litigants) liberally to assert any and all legal claims that (their) factual allegations can fairly be thought to support."[119]

8) The PETITIONER has

   a) *twice* "petition(ed) the court of appeals for a writ of mandamus." 18 U.S.C. § 3771(d)(3).

      i) See,

         (1) USCA4 Appeal: 20-1589 Doc: 2

         (2) USCA4 Appeal: 21-1438 Doc: 2 at p. 29 – 31.

      ii) By no coincidence, the USCA-4 employees

         (1) "failed to follow the specific directions contained in [44 U.S.C. § 3501]"[120].

         (2) "wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action"[121] from the public and the press.

Page 43

---

[119] *Martin v. Gentile*, 849 F.2d 863, 868 (4th Cir. 1988)

[120] *United States v. Gaubert*, 499 U.S. 315, 324 (1991)

[121] *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)

1) RE CASE 3:21-cv-00411-DJN DE 1 MOTION PURSUANT TO Fed. R. Civ. P. 59(e); 60(b)(3), (d)(1)(3)
2) MOTION FOR ENTRY OF DEFAULT JUDGMENT FED R. CIV. P. 55(a) 3) 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF 4) MOTION FOR LEAVE TO PROVIDE DOCUMENTS THROUGH SECURE MICROSOFT OneDrive 5) MOTION FOR EXPEDITED CONSIDERATION PURSUANT TO 28 U.S.C. § 1657

- b) In both cases, the court of appeals fraudulently misrepresented the PETITIONER's petitions to the court of appeals for a writ of mandamus to deny the PETITIONER the requested relief. <u>See</u>,
    - i) USCA4 Appeal: 20-1589 Doc: 3 Filed: 05/27/2020[122]
        - (1) Correctly stating,

            *petitioner filed a document styled as both a notice of appeal and a petition for writ of mandamus under 18 U.S.C. § 3771*

        - (2) prior to willfully misrepresenting,

            *Upon further review, petitioner is not seeking mandamus relief to enforce*

---

[122] (OPEN, (HYPERLINK) https://1drv.ms/b/s!AjEjC5jWywEUgdgF4RIfa-mG9qsTog?e=MMBMlE ) USCA4 Appeal: 20-1611 Doc: 28 Filed: 05/24/2021 and
(OPEN, (HYPERLINK) https://1drv.ms/b/s!AjEjC5jWywEUgdkNGQwjOax8Bd7wzw?e=YFlqdG ) USCA4 Appeal: 20-1611 Doc: 30 Filed: 06/02/2021 shown here as provided by the PETITIONER where the hyperlinks are functional conclusively prove that

1) Judge BEACH SMITH from the USDC-EDVA
    - a) engaged in ""extrinsic" (fraud) that actually prevented (the PETITIONER) from making a valid claim or defense." *Great Coastal Exp. v. International Broth*, 675 F.2d 1349, 1358 (4th Cir. 1982) in "an intentional plot to deceive the judiciary (touching) on the public interest in a way that fraud between individual parties generally does not." *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 136 (4th Cir. 2014)
    - b) waived judicial immunity by " exercis(ing) usurped authority,"[122] "(w)here there (was) clearly no jurisdiction over the subject-matter" *Id.* and "the want of jurisdiction is known to (her)" *Stump v. Sparkman*, 435 U.S. 349, 356 n.6 (1978)
2) USCA-4 Judges MOTZ, KEENAN, and SHEDD knowingly
    - a) acquiesced with Judge BEACH SMITH's clear usurpation of judicial power
    - b) abdicated their " special obligation to "satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review," even though the" *Bender v. Williamsport Area School Dist*, 475 U.S. 534, 541 (1986) PETITIONER specifically objected to Judge BEACH SMITH's repeated " "alter[ations] (of) the status of the case as it rest[ed] before the court of appeals."" *Co. Doe v. Public Citizen*, 749 F.3d 246, 259 (4th Cir. 2014)

Page 44

> *the rights of a crime victim denied him by the district court but is instead seeking review of various district court orders entered in his civil action.*

    ii) USCA4 Appeal: 21-1438 Doc: 4 Filed: 04/22/2021 where Judge DOE from the USCA-4,

        (1) already in for a penny in connection to an established conspiracy,

        (2) laughably misrepresents the PETITIONER's petition for writ of mandamus (See, USCA4 Appeal: 21-1438 Doc: 2 at p. 29 – 31) as seeking relief not provided by the CVRA. In addition to that misrepresentation being self-evident based on the PETITIONER's petition for writ of mandamus (See, USCA4 Appeal: 21-1438 Doc: 2 at p. 29[123]), it also ignores that a PETITION FOR A CRIME VICTIM'S RIGHTS WRIT OF MANDAMUS PURSUANT TO 18 U.S.C. § 3771(d)(3) is a <...ehem!...> petition for crime victim's rights. It's – ahm – in the title of the motion.

9) "...(T)he right to be "reasonably protected from the accused" and the right to be "treated with fairness and with respect" may apply pre-indictment."[124]

10) The PETITIONER has applied directly for protection from the criminal actions against the PETITIONER by making protected First Amendment activities

    a) with the Federal Bureau of Investigation (FBI) but in response, two FBI Norfolk Special Agents[125] (SAs) took actions that adversely affected the PETITIONER's First Amendment rights.

        i) First, by declining to protect the PETITIONER from future criminal acts.

        ii) Then after the PETITIONER attempted to escalate the matter, by violating the PETITIONER's Fourth Amendment protections against unreasonable search and seizure to prevent the PETITIONER from gaining a confirmed proof of delivery

---

[123] See, the title of the motion,

**PETITION FOR A CRIME VICTIM'S RIGHTS WRIT OF MANDAMUS PURSUANT TO 18 U.S.C. § 3771(d)(3)**

[124] *Skeens v. Alpha Natural Res., Inc.*, CIVIL ACTION No. 5:12-cv-06854, at *9 n.7 (S.D.W. Va. May 10, 2013) citing *Does v. United States,* 817 F.Supp.2d 1447 (S.D. Fla., 2011)

[125] More than likely Christopher Emsley and Shannon Brill

1) RE CASE 3:21-cv-00411-DJN DE 1 MOTION PURSUANT TO Fed. R. Civ. P. 59(e); 60(b)(3), (d)(1)(3)
2) MOTION FOR ENTRY OF DEFAULT JUDGMENT FED R. CIV. P. 55(a) 3) 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF 4) MOTION FOR LEAVE TO PROVIDE DOCUMENTS THROUGH SECURE MICROSOFT OneDrive 5) MOTION FOR EXPEDITED CONSIDERATION PURSUANT TO 28 U.S.C. § 1657

receipt that the FBI Norfolk, Special Agent in Charge, Martin Culbreth had actual and constructive knowledge of the self-evident wrongdoing. [126]

iii) Finally, the FBI debarred the PETITIONER from visiting the FBI Norfolk Office.

b) The Department of Justice Civil Rights Division [127]. The DOJ Civil Rights Division took "some action that adversely affected (his) First Amendment rights, and (3) (the) causal relationship between (his) protected activity and (the DOJ Civil Rights Division's) conduct"[128] is the same as every other 42 U.S.C § 1986 PERSON's motivatation: a specific class-based, invidiously discriminatory animus that dates back to the DLA having blacklisted or "de facto debarred" a segment of business interests without the benefit of due process under suspicion of being a Foreign Bad Actor.[129]

11) A reasonable person would conclude that

a) the reasons for

---

[126] See, Case 2:19-cv-00485-RBS-LRL DE 21 and its associated exhibits. Judge BEACH SMITH would dismiss that claim for relief as moot based on her – on her own initiative – granting the PETITIONER leave to file another amended complaint

1) where Judge BEACH SMITH "wrongfully deceived and misled the plaintiff in order to conceal the existence of a cause of action." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)

2) to reach what a reasonable person would conclude is Judge BEACH SMITH ultimate intent from the outset of Case 2:19-cv-00485-RBS-LRL, dismissing the PETITIONER's case under some perversion of 28 U.S.C. § 1915(e)(2)(B)

[127] OPEN, (HYPERLINK) https://1drv.ms/u/s!AjEjC5jWywEUgdtoLBelQwgjr8WbRw?e=NMBsjG

[128] *Constantine v. Rectors, George Mason Univ*, 411 F.3d 474, 499 (4th Cir. 2005)

[129] (OPEN, (HYPERLINK) https://1drv.ms/b/s!AjEjC5jWywEUgdgF4RIfa-mG9qsTog?e=MMBMlE ) USCA4 Appeal: 20-1611 Doc: 28 Filed: 05/24/2021. See,

**Attachment 1, OBJECT OF THE CONSPIRACY;
DEPRIVATION OF THE PETIONER'S FIFTH AMENDMENT RIGHTS LED TO A
DEPRIVATION OF PETIONER'S FOURTEENTH
AMENDMENT SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS.**
at p. 28 - 36

1) RE CASE 3:21-cv-00411-DJN DE 1 MOTION PURSUANT TO Fed. R. Civ. P. 59(e); 60(b)(3), (d)(1)(3) 2) MOTION FOR ENTRY OF DEFAULT JUDGMENT FED R. CIV. P. 55(a) 3) 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF 4) MOTION FOR LEAVE TO PROVIDE DOCUMENTS THROUGH SECURE MICROSOFT OneDrive 5) MOTION FOR EXPEDITED CONSIDERATION PURSUANT TO 28 U.S.C. § 1657

 i) both 41 U.S.C. § 4712(a)(2) PERSONS AND BODIES COVERED.

  (a) **(E)** An authorized official of the Department of Justice or other law enforcement agency.

  (b) **(F)** courts

  (2) having knowledge (of) the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, 42 U.S.C. § 1986

  (3) (neglecting and refusing) so to do, 42 U.S.C. § 1986

  (4) (continuing to) conspire to "injure, oppress, threaten, or intimidate [the PETITIONER] in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, (specifically) because of his having so exercised the same; " 18 U.S.C. § 241

 ii) Refusing to afford "the rights described in subsection (a)." 18 U.S.C. § 3771(b)(1)

b) ultimately are because

 i) the Courts continue to "injure, oppress, threaten, or intimidate [the PETITIONER] in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, (specifically) because of his having so exercised the same; " 18 U.S.C. § 241

 ii) providing the PETITIONER "the following right (among others): **(1)** The right to be reasonably protected from the accused." 18 U.S.C. § 3771(a)(1) would preclude the courts from continuing to "injure, oppress, threaten, or intimidate [the PETITIONER] in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, (specifically) because of his having so exercised the same; " 18 U.S.C. § 241

 iii) The courts are making every effort to deprive the PETITIONER of his Seventh Amendment right to a jury trial.

 iv) The courts are abundantly aware that if the PETITIONER gets the jury trial to which he is entitled by law,

1) RE CASE 3:21-cv-00411-DJN DE 1 MOTION PURSUANT TO Fed. R. Civ. P. 59(e); 60(b)(3), (d)(1)(3)
2) MOTION FOR ENTRY OF DEFAULT JUDGMENT FED R. CIV. P. 55(a) 3) 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF 4) MOTION FOR LEAVE TO PROVIDE DOCUMENTS THROUGH SECURE MICROSOFT OneDrive 5) MOTION FOR EXPEDITED CONSIDERATION PURSUANT TO 28 U.S.C. § 1657

(1) The PETITIONER has made a "clear showing that (he will proverbially wipe the floor with the DEFENDANTS) on the merits at trial."[130]

(2) that "absent preliminary relief" *Id.* at 347, the PETITIONER will be "irreparably harmed" *Id.*)

(3) "the public consequences in employing the extraordinary remedy of injunction." *Id.* would amount to the public and the press being made aware that the executive, legislative, and judicial branches of the United States have engaged in a "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy"[131]

c) fall in line with the "*But fors*" provided in the enclosed

**RE CASE 3:21-cv-00411-DJN DE 1 MOTION PURSUANT TO Fed. R. Civ. P. 59(e); 60(b)(3), (d)(1)(3)**

See, Fed. R. Civ. P. 8(a)(2) STATEMENT OF UNDISPUTED FACTS; FED. R. CIV. P. 56(a)

Page 48

---

[130] *Real Truth About Obama, v. Fed. Elec. Commi*, 575 F.3d 342, 346 (4th Cir. 2009)
[131] *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)

1) RE CASE 3:21-cv-00411-DJN DE 1 MOTION PURSUANT TO Fed. R. Civ. P. 59(e); 60(b)(3), (d)(1)(3)
2) MOTION FOR ENTRY OF DEFAULT JUDGMENT FED R. CIV. P. 55(a) 3) 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF 4) MOTION FOR LEAVE TO PROVIDE DOCUMENTS THROUGH SECURE MICROSOFT OneDrive 5) MOTION FOR EXPEDITED CONSIDERATION PURSUANT TO 28 U.S.C. § 1657

## Fed. R. Civ. P 8(a)(3)

1) The PETITIONER seeks for an ORDER from the court to the United States Department of Justice (USDOJ) to afford the rights described in 18 U.S.C. § 3771(a).

1) RE CASE 3:21-cv-00411-DJN DE 1 MOTION PURSUANT TO Fed. R. Civ. P. 59(e); 60(b)(3), (d)(1)(3) 2) MOTION FOR ENTRY OF DEFAULT JUDGMENT FED R. CIV. P. 55(a) 3) 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF 4) MOTION FOR LEAVE TO PROVIDE DOCUMENTS THROUGH SECURE MICROSOFT OneDrive 5) MOTION FOR EXPEDITED CONSIDERATION PURSUANT TO 28 U.S.C. § 1657

## Certificate of Service:

CERTIFICATE OF SERVICE I hereby certify that on ¬ June 02, 2021.

PETITIONER provided a copy of this

Contents

INSTRUCTIONS TO THE USDC-EDVA COURT CLERK RE FILING THE PLEADING HEREIN ................................................................................................................................... 3

RE CASE 3:21-cv-00411-DJN DE 1 MOTION Fed. R. Civ. P. 59(e); 60(b)(3), (d)(1)(3) ........... 6

    Fed. R. Civ. P. 8(a)(1) ............................................................................................................. 8

    Fed. R. Civ. P. 8(a)(2) STATEMENT OF UNDISPUTED FACTS; FED. R. CIV. P. 56(a) .. 11

        Fed. R. Civ. P. 59(e) "clear error(s) of law" ...................................................................... 11

        But for(s) ........................................................................................................................... 22

        "[A] manifest injustice." ................................................................................................... 28

        The PETITIONER has conclusively shown ................................................................... 28

        that the PETITIONER meets all four requisite elements under the standard of review set forth in Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008) for a preliminary injunction. ........................................................................................................................ 28

        "(1) (violations) of his constitutional rights, (2) by agents (in the executive, legislative, and judicial branches of the United States Government) acting ("in concert to commit (unlawful acts) to inflict a wrong against or injury upon (the PETITIONER)" and) under color of federal law ". ...................................................................................................................... 28

        The PETITIONER's claim is not only one upon which relief may be granted but were it not for Judge BEACH-SMITH's "(1) attempt(ing) to deprive the (PETITIONER of the court's) of jurisdiction by acts of fraud nearly all of which were performed [in]side the confines of the court, (2) (filing of) false and frivolous pleadings, and (3) "(attempts), by other tactics of delay, oppression, harassment and massive expense to reduce [the PETITIONER] to exhausted compliance"" in Case 2:19-cv-00485-RBS-LRL, the PETITIONER would have been granted attorneys fees pendente lite in September of 2019. ......................................... 30

        A fact pattern of "fraud with the particularity required by Fed.R.Civ.P. 9(b)" "(2) by agents (in the executive, legislative, and judicial branches of the United States Government) acting

1) RE CASE 3:21-cv-00411-DJN DE 1 MOTION PURSUANT TO Fed. R. Civ. P. 59(e); 60(b)(3), (d)(1)(3)
2) MOTION FOR ENTRY OF DEFAULT JUDGMENT FED R. CIV. P. 55(a) 3) 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF 4) MOTION FOR LEAVE TO PROVIDE DOCUMENTS THROUGH SECURE MICROSOFT OneDrive 5) MOTION FOR EXPEDITED CONSIDERATION PURSUANT TO 28 U.S.C. § 1657

("in concert to commit (unlawful acts) to inflict a wrong against or injury upon [the PETITIONER]" and) under color of federal law" intended to " (1) (violate the PETITIONER's First, Fourth, Fifth, Seventh, and Fourteenth Amendment) constitutional rights, " *Id.* ...........30

"direct evidence of the unconstitutional motive." ...........31

"(I)t (is) for the jury to decide the motive or intent with which actions were taken." ...........31

Fed. R. Civ. P. 8(a)(3) ...........32

## MOTION FOR ENTRY OF DEFAULT JUDGMENT FED R. CIV. P. 55(a) ...........34

Fed. R. Civ. P. 8(a)(1) ...........36

Fed. R. Civ. P. 8(a)(2) Statement of undisputed facts. Fed. R. Civ. P. 56 ...........37

Fed. R. Civ. P 8(a)(3) ...........38

## 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF ...........39

Fed. R. Civ. P. 8(a)(1) ...........41

Fed. R. Civ. P. 8(a)(2) Statement of undisputed facts. Fed. R. Civ. P. 56 ...........42

Fed. R. Civ. P 8(a)(3) ...........49

## MOTION FOR LEAVE TO PROVIDE DOCUMENTS THROUGH SECURE MICROSOFT OneDrive ...........50

Fed. R. Civ. P. 8(a)(1)(2) ...........52

Fed. R. Civ. P. 8(a)(3) ...........53

## MOTION FOR EXPEDITED CONSIDERATION PURSUANT TO 28 U.S.C. § 1657 ...........54

Fed. R. Civ. P. 8(a)(1)(2) ...........56

Fed. R. Civ. P. 8(a)(3) ...........57

Certificate of Service: ...........58

Certification and Closing ...........61

Enclosures (2) ...........61

1. LOCAL RULE 83.1(M) CERTIFICATION (1 page) ...........61

2. Exhibit 1, Independent Action in Equity Fed. R. Civ. P. 60(b)(d); 62(d) ...........61

1) RE CASE 3:21-cv-00411-DJN DE 1 MOTION PURSUANT TO Fed. R. Civ. P. 59(e); 60(b)(3), (d)(1)(3) 2) MOTION FOR ENTRY OF DEFAULT JUDGMENT FED R. CIV. P. 55(a) 3) 18 U.S.C. § 3771(d)(3) MOTION FOR RELIEF 4) MOTION FOR LEAVE TO PROVIDE DOCUMENTS THROUGH SECURE MICROSOFT OneDrive 5) MOTION FOR EXPEDITED CONSIDERATION PURSUANT TO 28 U.S.C. § 1657

to

1. Spottswood W. Robinson III and

   Robert R. Merhige, Jr., Federal Courthouse

   701 East Broad Street

   Richmond, VA 23219

   via USPS Priority Mail Tracking number: 9405503699300434171023

2. Members of the press via e-mail